IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. <br> 425 Third Street, SW, Suite 800 <br> Washington, D.C. 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff

regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.   Defendant is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.   On July 13, 2011, Plaintiff submitted a FOIA request to Defendant, by facsimile and certified mail, seeking access to the following public records:

> 1.   All records of communication, contacts and correspondence between Bureau of Alcohol, Tobacco and Firearms Director Kenneth E. Melson and any official, officer or employee of the Office of the Deputy Attorney General regarding ATF Phoenix Operation Fast and Furious.
>
> 2.   All records regarding, concerning or related to the October 26, 2009 meeting/telephonic conference call between DAG David Ogden, AAG Lanny Breuer, ATF Director Melson, DEA Administrator Michelle Leonhart, FBI Director Robert Mueller, and other Department of Justice officials regarding the Southwest Border Strategy (including, but not limited to, any agendas, minutes, transcripts notes or presentations).
>
> 3.   All records prepared for or submitted to the House Committee on Oversight and Government Reform regarding, concerning or related to ATF Operation Fast and Furious.

Plaintiff's request was sent to Defendant's FOIA/PA Mail Referral Unit, the location designated by Defendant to receive FOIA requests for distribution to appropriate agency component(s). The timeframe for the request was identified as January 20, 2009 to July 13, 2011.

6.   According to U.S. Postal Service records, Plaintiff's July 13, 2011 request was received by Defendant's Mail Referral Unit on July 18, 2011.

7. Plaintiff subsequently received an acknowledgment letter from Defendant dated August 1, 2011. The acknowledgment letter stated that Plaintiff's request was being forwarded to several components within Defendant, including the Office of Information and Privacy ("OIP") – Office of the Associate Attorney General, OIP – Office of the Deputy Attorney General, the Antitrust Division, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration ("DEA"), and the Federal Bureau of Investigation ("FBI"). However, the acknowledgment letter did not state when Plaintiff could expect to receive a substantive response to its request.

8. Plaintiff subsequently received a second letter dated August 9, 2011 from the DEA acknowledging receipt of Plaintiff's request and assigning the request Case Number: 11-00361-F. However, the DEA's August 9, 2011 letter did not state when Plaintiff could expect to receive a substantive response to its request.

9. Plaintiff subsequently received a third letter dated August 18, 2011 from the FBI stating that the FBI had found no documents responsive to Plaintiff's request.

10. Plaintiff subsequently received a fourth letter dated August 22, 2011 from OIP, acknowledging receipt of Plaintiff's request. However, OIP's August 22, 2011 letter did not state when Plaintiff could expect to receive a substantive response to its request.

11. Because Plaintiff had directed its July 13, 2011 request to Defendant's FOIA/PA Mail Referral Unit rather than to any particular agency component, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant's 20-day time period for responding to the request commenced on the date the request was received by the agency components, but in any event not later than 10 days after the request was first received by Defendant's FOIA/PA Mail referral unit. Based on a

receipt date of July 18, 2011, Defendant's response to Plaintiff's July 13, 2011 request was due no later than August 25, 2011.

12.  As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced. In fact, other than the "no records" response from the FBI, which Plaintiff does not challenge, Defendant has failed to respond to Plaintiff's request in any substantive manner.

13.  Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its July 13, 2011 FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

14.  Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.  Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16.  Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all

non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 11, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

_____
Paul J. Orfanedes
D.C. Bar No. 429716

_____
Jason B. Aldrich
D.C. Bar No. 495488
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*